IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN PALMER, | ) | CASE NO. 1:11 CV 1343 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MIDLAND FOOD SERVICES INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Midland Food Services' Motion to Dismiss Pursuant to Rule 12(b)(1) or, in the Alternative, Motion to Compel Arbitration and Stay Proceedings. (ECF #13). Plaintiff filed a memorandum contra Defendant's motion, (ECF #14), and Defendant filed a Reply. (ECF #15). This matter is now fully briefed and ready for ruling. After a thorough review of all of the briefs, supporting documents, and relevant law, the Court finds that the Defendant's Motion should be GRANTED.

## FACTS

The relevant facts are not in dispute. Mr. Palmer claims that the Defendant violated the

Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* ("USERRA"), when it failed to reinstate him to his prior position after he returned from military service in Iraq. The sole cause of action asserts that Midland willfully violated USERRA by failing to reinstate him. (Complaint ¶ 9). Plaintiff seeks compensation in form of lost wages, benefits, liquidated damages and various fees.

Plaintiff does not dispute that USERRA claims are arbitrable, nor does he dispute that his employment agreement included a mandatory arbitration agreement that, on it face, would apply to his claims. (ECF #14). Plaintiff contends, however, that this particular arbitration agreement is not enforceable in the context of a USERRA because the USERRA supercedes any agreement that establishes additional prerequisites to the exercise of his rights under the statute. Mr. Palmer contends that provision in the agreement requiring him to pay the first $120.00 of the costs of commencing the arbitration constitutes an "additional prerequisite to the exercise" of his rights under the USERRA.

## ANALYSIS

When considering a motion to dismiss due to an arbitration provision, a court must: (1) determine whether the parties agreed to arbitrate; (2) determine the scope of the agreement; (3) if federal statutory claims are asserted, consider whether Congress intended to exclude such claims from arbitration; and (4) determine whether any issues remain for the court's consideration. *See Manuel v. Honda R & D Am., Inc.*, 175 F.Supp.2d 987, 990 (S.D. Ohio 2001). The parties do not dispute that they agreed to arbitrate, that this issue is within the scope of the agreement, or that if arbitration were to take place there would be no issues remaining for the court's

-2-

consideration. Therefore, the only issue is whether Congress intended to exclude this kind of claim from arbitration.

Generally, USERRA claims are arbitrable. *See, e.g., Wysocki v. IBM Corp.*, 603 F.3rd 1102, 1107 (6th Cir. 2010); *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 562 (6th Cir. 2008). Plaintiff argues that there is an exception to this general premise when the arbitration agreement requires the Plaintiff to pay any kind of fee or costs to commence the arbitration. Title 38 U.S.C. §4302(b) states:

> This chapter supercedes any State Law (including any local law or ordinance, contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit.

Plaintiff further argues that the agreement's imposition of a $120.00 fee to commence the arbitration constitutes an "additional prerequisite to the exercise of any such right. . ." within the meaning of the statute.

The Court finds that the $120.00 fee does not constitute an "additional prerequisite" to the exercise of Plaintiff's rights under the USERRA. In order to file a suit in federal court under the statute, the Plaintiff was required to pay a filing fee. Therefore, the imposition of a $120.00 fee to commence arbitration is not an "additional" prerequisite to exercising his right, but merely constitutes the equivalent of the federal court's filing fee. In fact, as pointed out by Defendant, the $120.00 fee for commencing arbitration is significantly less than the filing fee paid by Plaintiff to bring this action in federal court. There is no argument that the arbitration fee is unreasonable, or that it would have prevented Plaintiff from effectively vindicating his statutory

rights. Further, especially when compared to the required federal court filing fee, paid by the Plaintiff, the arbitration initiation fee cannot be considered "prohibitively expensive," as is required to invalidate an arbitration agreement under *Green Tree Fin. Corp.- Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000).

## CONCLUSION

For the reasons set forth above, Defendant Midland Food Services' Motion to Dismiss Pursuant to Rule 12(b)(1) or, in the Alternative, Motion to Compel Arbitration and Stay Proceedings (ECF #13) is GRANTED. This case is dismissed without prejudice pursuant to Fed. R. Civ. Pro. 12(h)(3).

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 23, 2011